**DEAL v. THRASHER et al.**

**No. 6052.**

United States Court of Appeals
Fourth Circuit.

Argued April 13, 1950.

Decided June 10, 1950.

Louis B. Fine, Norfolk, Va., for appellant.

Samuel Goldblatt and James G. Martin, Norfolk, Va., for appellees.

Before PARKER Chief Judge, and DOBIE, Circuit Judge, and HAYES, District Judge.

## PER CURIAM.

This is a suit in admiralty to recover damages under the wrongful death statute of Virginia. Libelant is the administrator of Bryant Lee Capps who was drowned when he fell, or was thrown as the result of an explosion, from the motor yacht "Greenbriar". The defendants are Fred Thrasher, who was operating the yacht, and Sam Thrasher, who was sued as owner. The court below held that there was no negligence in the maintenance or operation of the yacht and that Sam Thrasher was not liable in any event since he was not the owner and was in no way responsible for the operation. From this holding libelant has appealed but makes no serious contention that there was liability on the part of Sam Thrasher.

The facts are that Fred Thrasher had obtained from the owner of the yacht, the corporation for which he was working, permission to use it on a picnic or fishing trip. On the yacht at the time of the fatal accident with Fred Thrasher and his family were Capps and his family, who had been invited by Thrasher to go with him on the trip. The party had gone out into the Waters of Chesapeake Bay between Willoughby Spit and Old Point Comfort, and after anchoring and fishing there for about half an hour had put the vessel under way again and had traveled a distance of a hundred yards or more, when the engine was thrown into reverse in an attempt to stop. At this point an explosion occurred near the engine and decedent's child was thrown into an open hatchway, the cover of which had been blown off by the explosion. Decedent started to the assistance of his child and was walking along the catwalk at the side of the cabin when, as a result of the rolling of the vessel due to the explosion or of some other cause, he fell or was thrown overboard. Thrasher made every possible effort to rescue him but was unable to do so and he was drowned.

We have read the record carefully and we agree with the judge below that there is no basis for holding Thrasher guilty of negligence. The evidence shows that he used all reasonable care in the operation of the vessel and was not cognizant of any condition that could have caused the explosion. Appellant attempts to show, by evidence of a telephone conversation between him and his father, that he had knowledge that the carburetor of the motor was leaking; but the trial judge, who saw and heard the witnesses, did not accept this evidence and, so far as we can judge from the record before us, he was correct in not doing so. Certainly, we would not

740

be justified in reversing him as to this matter. There is no occasion to go into the facts in detail. We agree with the following summary made by the judge below:

"Now, as to the operator, Fred Thrasher, the evidence is that this yacht and its engine received due and ordinary attention and supervision; that diligence, and certainly responsible (reasonable) diligence, was used in maintaining it in good repair and condition; that on the particular day of this unfortunate happening, Fred Thrasher was observant of his duties and of his obligations as the host; that he used and extended such care as was required of him; that he certainly used reasonable care and he was not guilty of want of ordinary care, if we assume that he was charged with the duty of ordinary care. As host it was his duty not to subject his guest to any dangerous condition of which he had knowledge, and there is no evidence here that he had knowledge that there was any defect of any kind in the engine or in the other parts of the vessel. Aside from subjecting himself to any such danger, he subjected his immediate family to the same conditions aboard the vessel, all of which negatives any intimation that he had knowledge, previous or present knowledge, of any dangerous condition aboard the vessel.

"The libelant's case is pinned largely upon a statement which Fred Thrasher is said to have made over the telephone after the accident, to the effect that he knew the carburetor was leaking and that he had fixed it before too many people saw it. Now, that is the only evidence in this case to indicate that he had knowledge of any dangerous condition, and the court is of the opinion and finds that he did not make that statement. The evidence does not support it."

Appellant relies upon the res ipsa loquitur doctrine; but we agree with the lower court that, even if that doctrine applies, the evidence in the case absolves Thrasher of the imputation of negligence which arises upon its application.

The decision appealed from will be affirmed.

Affirmed.